UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Earl Lionell Ward,

    Petitioner,

v.

Tracy S. Beltz,

    Respondent.

Case No. 21-cv-930 (WMW/DTS)

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Petitioner Earl Lionell Ward's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1 (Petition); and (2) motion asking the Court to appoint him counsel, ECF No. 2 (Counsel Request). For the reasons discussed below, the Court recommends dismissing this action without prejudice for lack of jurisdiction and denying the Counsel Request as moot.

**FINDINGS OF FACT**

In July 2014, authorities charged Ward with ten felonies based on his involvement with a car crash that left his son and daughter severely injured. *See, e.g.*, *State v. Ward*, No. A15-0684, 2016 WL 7439082, at *1 (Minn. Ct. App. Dec. 27, 2016) (describing accident); Register of Actions, *State v. Ward*, No. 62-CR-14-4920 (Minn. Dist. Ct.) (showing charges) ("State-Court Docket").[1] Ward pleaded guilty to two counts of criminal

---

[1] The State-Court Docket is not attached to any filings in this action. But it is a publicly accessible judicial record, and as such the Court may take judicial notice of it. *See, e.g.*, *Amen El v. Schnell*, No. 20-CV-1327 (DSD/ECW), 2021 WL 509280, at *4 n.6 (D. Minn. Feb. 11, 2021) (citing *Graham v. U.S. Marshal*, No. 20-CV-1204 (WMW/LIB), 2020 WL 4060731, at *1 n.1 (D. Minn. June 29, 2020)), *report and recommendation adopted*, 2021 WL 880679 (D. Minn. Mar. 9, 2021).

vehicular operation in violation of Minnesota law.  *See Ward*, 2016 WL 7439082, at *1; *cf.* Minn. Stat. § 609.21, subd. 1 (2012).  In January 2015, a Minnesota district court sentenced Ward to two 60-month sentences, to be applied consecutively.  Ward filed a direct appeal of his conviction and sentence, but the Minnesota Court of Appeals affirmed and the Minnesota Supreme Court denied Ward's petition for further review.  *See id.*

Since his direct appeal ended, Ward has challenged his conviction and sentence several times, including through at least two state-court petitions for postconviction relief.  *See* State-Court Docket; Pet. 2–4.[2]  Critically, for present purposes, he also filed a § 2254 petition in this District in October 2017.  *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Custody by a Person in State Custody, *Ward v. Roy*, No. 17-CV-4542 (WMW/LIB) (D. Minn. Oct. 6, 2017).  That petition was denied in August 2018.  *See Ward v. Roy*, No. 17-CV-4542 (WMW/LIB), 2018 WL 3848438, at *1 (D. Minn. Aug. 13, 2018).

## CONCLUSIONS OF LAW

Like Ward's earlier § 2254 petition, the present Petition challenges the validity of Ward's conviction and sentence for criminal vehicular operation.  *See* Pet. 1.  He raises four grounds: (1) ineffective assistance of appellate counsel; (2) judicial error as to Ward's guilty plea; (3) "prosecutorial error" as to the plea; and (4) ineffective assistance of trial counsel.  *See id.* at 5–10.

This Court lacks jurisdiction to consider the Petition.  Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for

---

[2] Citations to filed documents use the page numbers provided by the Court's CM/ECF filing system.

2

an order authorizing the district court to consider the application." The current Petition is plainly second or successive; it challenges the same conviction challenged in Ward's earlier § 2254 petition. *Cf. Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."). Without authorization from the U.S. Court of Appeals for the Eighth Circuit, this Court cannot adjudicate the Petition's merits.

The next question is whether the Court should dismiss the Petition or transfer it to the Eighth Circuit—that is, for it to consider whether to authorize the Petition under § 2244(b)(3)(A). This Court recommends dismissal. The Petition's claims do not fit any of the criteria for authorization set forth in § 2244(b)(2): they are not based upon a new constitutional-law rule; there is no obvious reason why Ward could not have discovered "the factual predicate for the claim[s]" long ago; and the facts asserted are not "sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found [Washington] guilty of the underlying offense." Given these points, the Court does not believe that the Eighth Circuit would authorize the Petition, so the Court recommends dismissing the Petition instead of transferring it.[3] Given this recommendation, the Court further recommends denying the Counsel Motion as moot.

Finally, a § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[3] Of course, Ward may seek authorization from the Eighth Circuit himself, notwithstanding this Court's recommendation.

3

Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"—as here—"a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat the Petition differently than this Court is treating it here.  The Court therefore recommends not granting a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, this Court RECOMMENDS that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Petitioner Earl Lionell Ward's motion asking the Court to appoint him counsel, ECF No. 2, be **DENIED** as moot.

3. No certificate of appealability be issued.

Dated: May 3, 2021                                    __s/David T. Schultz_____
                                                                  DAVID T. SCHULTZ
                                                                  U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local

4

5

Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

5