UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Earl Lionell Ward, | Case No. 21-cv-0930 (WMW/DTS) |
| Petitioner, | |
| v. | **ORDER** |
| Tracy S. Beltz, | |
| Respondent. | |

---

Before the Court are the parties' responses to this Court's October 28, 2021 and June 10, 2022 Orders and Petitioner Earl Lionell Ward's motion to appoint counsel. (Dkts. 16, 18, 21.) For the reasons addressed below, the Court declines to reopen this action and denies as moot Ward's motion to appoint counsel.

## BACKGROUND[1]

In January 2015, the Ramsey County District Court, Second Judicial District, sentenced Ward to two consecutive 60-month sentences in connection with a car accident that severely injured his son and daughter. *See State v. Ward*, No. A15-0684, 2016 WL 7439082, at *2 (Minn. Ct. App. Dec. 27, 2016). Ward appealed to the Minnesota Court of Appeals, which affirmed his conviction and sentence. The Minnesota Supreme Court denied Ward's petition for further review. Ward also filed a petition for postconviction

---

[1] The facts in the background section are drawn in part from docket entries in Ward's state-court action. *See State v. Ward*, No. 62-CR-14-4920 (Minn. Dist. Ct.). The Court may take judicial notice of these public records even though they are not attached to any of the filings in this action. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

relief, which the Ramsey County District Court, Second Judicial District, denied in April 2016.

In October 2017, Ward filed in federal court a petition for a writ of habeas corpus, challenging his state conviction and sentence. *See Ward v. Roy*, No. 17-cv-04542 (WMW/LIB), Dkt. 1 (D. Minn. Oct. 6, 2017). In his petition, Ward alleged that his trial counsel provided ineffective assistance. *See id.* at 5–7. The magistrate judge concluded that the petition was procedurally defaulted because Ward had not clearly presented the federal nature of his claim to the Minnesota Court of Appeals on direct review. *Ward v. Roy*, No. 17-cv-04542 (WMW/LIB), Dkt. 11 at 7–8 (D. Minn. May 10, 2018). Construing the petition liberally, however, the magistrate judge observed that Ward's petition could be read to assert a claim of ineffective assistance of *appellate* counsel. *Id.* at 8. The magistrate concluded that, although such a claim was not procedurally defaulted, Ward had not exhausted the claim in the state courts. *Id.* at 9. The magistrate judge, therefore, recommended denying Ward's petition and dismissing the action without prejudice. *Id.* at 11. The Court adopted the magistrate judge's report and recommendation in August 2018. *See Ward v. Roy*, No. 17-cv-4542 (WMW/LIB), 2018 WL 3848438, Dkt. 13 (D. Minn. Aug. 13, 2018).

In November 2018, Ward filed a second petition for postconviction relief in state court. As relevant here, Ward argued in his second petition for postconviction relief that his appellate counsel in the state-court appeal provided ineffective assistance. The Ramsey County District Court, Second Judicial District, denied Ward's second petition for postconviction relief in March 2020. The Minnesota Court of Appeals affirmed the

2

denial, and the Minnesota Supreme Court denied Ward's petition for further review. *See Ward v. State*, No. A20-0519, 2021 WL 79329, at *1 (Minn. Ct. App. Jan. 11, 2021), *review denied* (Minn. Mar. 16, 2021).

In April 2021, Ward commenced this action by filing a second petition for a writ of habeas corpus under 28 U.S.C. § 2254. Ward's second petition for a writ of habeas corpus asserts four grounds: ineffective assistance of appellate counsel, judicial error, prosecutorial error, and ineffective assistance of trial counsel. The magistrate judge recommended denying the petition as second and successive because it challenges the same conviction that Ward challenged in his first petition for a writ of habeas corpus. Ward did not object to the report and recommendation, and this Court adopted the report and recommendation in June 2021.

In May 2021, Ward commenced a third action by filing another petition under Section 2254 for a writ of habeas corpus. *See Ward v. Beltz*, No. 21-cv-1232 (WMW/DTS), Dkt. 1 (D. Minn. May 17, 2021). After reviewing Ward's third petition for a writ of habeas corpus, the magistrate judge recommended dismissing the third petition as duplicative because it was identical to the second petition for a writ of habeas corpus. *Ward v. Beltz*, No. 21-cv-1232 (WMW/DTS), Dkt. 7 (D. Minn. May 28, 2021). Ward did not object to the report and recommendation, and this Court adopted the report and recommendation in June 2021.

In October 2021, after reviewing the dockets in Ward's various actions, the Court ordered Beltz to show cause as to whether this Court should reopen this action pursuant to Federal Rules of Civil Procedure 60(b)(1), (6) (October 2021 Order). The Court

3

concluded that, because the Court dismissed Ward's first petition for a writ of habeas corpus for failure to exhaust state remedies, Ward's second petition for a writ of habeas corpus, filed after exhausting his state remedies, was not second or successive. In light of this conclusion, the Court ordered Beltz to show cause as to whether the Court should reopen this action pursuant to Federal Rules of Civil Procedure 60(b)(1), (6).

On November 4, 2021, the Court's order was returned as undeliverable to Ward's address at the Minnesota Correctional Facility in Faribault (MCF Faribault). The order was not re-mailed because the Department of Corrections did not provide Ward's updated address. On November 10, 2021, Beltz filed a brief in response to the order to show cause in a separate case.[2] Based on its review of the dockets in these cases, the Court concluded that Ward may not have received a copy of the Court's October 2021 Order or Beltz's response brief. On June 10, 2022, the Court ordered Ward to respond to Beltz's brief within 21 days and address whether this action should be reopened. Beltz refiled her brief in this action on June 14, 2022. The Court received Ward's response, dated June 29, on July 5, 2022. In the interim, Ward moved to appoint counsel.

## ANALYSIS

### I.    Ward's Second Petition for a Writ of Habeas Corpus

A "court may relieve a party or its legal representative from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Courts may

---

[2]    Beltz incorrectly filed her response in *Ward v. Beltz*, Case No. 21-cv-1232, (WMW/DTS), Dkt. 14 (D. Minn. Nov. 10, 2021).

apply Rule 60(b) *sua sponte* but should give the parties notice and an opportunity to respond. *See Pierson v. Dormire*, 484 F.3d 486, 491–92 (8th Cir. 2007), *vacated in part on other grounds*, 276 F. App'x 541 (8th Cir. 2008); *see also AGCO Fin., LLC v. Littrell*, 320 F.R.D. 45, 49 (D. Minn. 2017).

### A.     Second or Successive

A court must dismiss a "claim presented in a second or successive habeas corpus application under [S]ection 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1). When a court dismisses a petition for a writ of habeas corpus under 28 U.S.C. § 2254 for failure to exhaust, the petitioner subsequently exhausts state-court remedies, and the petitioner then files another petition under Section 2254, the latter petition is not "second or successive." *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000). Here, the Court dismissed Ward's first petition for a writ of habeas corpus without prejudice for failure to exhaust state-court remedies. Ward then exhausted his state-court remedies before filing the second petition for a writ of habeas corpus. As a result, Ward's second petition was not "second or successive" under Section 2244(b) and should not have been dismissed on that basis.

### B.     Timeliness

Beltz argues in her brief that the Court, nonetheless, should not reopen this action because Ward's second petition for a writ of habeas corpus is untimely. Section 2244(d) establishes a one-year statute of limitations for a state prisoner's petition for habeas corpus relief under Section 2254, with a limited tolling mechanism for state prisoners who seek state-court postconviction relief. *See* 28 U.S.C. § 2244(d). After his

conviction, Ward filed a direct appeal in state court. The Minnesota Supreme Court denied his eventual petition for further review on March 28, 2017. *See Ward*, 2016 WL 7439082, at *1. Ward did not seek review from the Supreme Court of the United States. Under Section 2244(1)(A), when a petitioner for habeas corpus relief under Section 2254 does not seek review from Supreme Court of the United States on direct appeal, the judgment becomes final "when the time for pursuing direct review in [the Supreme Court of the United States] . . . expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *accord King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012). Under Rule 13.1 of the Rules of the Supreme Court of the United States, "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Because the Minnesota Supreme Court denied Ward's petition for further review on March 28, 2017, Ward's limitations period began on June 27, 2017. Ward, therefore, had until June 27, 2018 to file a timely petition for a writ of habeas corpus under Section 2254.

Petitions for state postconviction relief toll the limitations period for federal habeas corpus relief. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). But a petition for federal habeas relief does not toll the limitations period for a subsequent petition for federal habeas relief, even if the first petition is denied without prejudice. *See Duncan v. Walker*, 533 U.S. 167, 180–82 (2001).

6

For this reason, Ward's first petition for habeas corpus relief in federal court did not toll the limitations period. And because Ward did not file a second petition for postconviction relief in state court until November 26, 2018, after the limitations period for seeking federal habeas relief had expired, Ward's second petition for postconviction relief in state court did not toll Ward's limitations period either.

Ward argues that this action should be reopened because the delay in receiving the October 2021 Order caused him to lose "tolling time." Ward maintains that he "would have been within [the] time limit if not for these egregious acts causing months of delay." But under the statute of limitations, the deadline for Ward to pursue habeas corpus relief under Section 2254 ended in June 2018, more than three years before the Court issued its October 2021 Order. Accordingly, the delay in receiving the October 2021 Order did not impact Ward's ability to file a timely petition pursuant to Section 2254.

For these reasons, although Ward's second petition for a writ of habeas corpus is not second and successive, the second petition is time-barred. The Court, therefore, declines to re-open this action.

## II.    Motion to Appoint Counsel

On June 23, 2022, Ward filed a motion seeking court-appointed counsel. Because the Court declines to reopen this action, the Court denies as moot Ward's motion to appoint counsel.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. This action shall not be reopened pursuant to Federal Rule of Civil Procedure 60(b).

2. Petitioner Earl Lionell Ward's motion to appoint counsel, (Dkt. 21), is **DENIED AS MOOT**.

Dated: August 31, 2022                               s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge